UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
HOUSTON CASUALTY COMPANY,                : Case No:
                                         :
                 Plaintiff,              :
                                         : **COMPLAINT FOR**
        - against -                      : **DECLARATORY RELIEF**
                                         : **WITH JURY DEMAND**
ROCKHILL INSURANCE COMPANY,              :
                                         :
                 Defendant.              :
                                         :
------------------------------------------------------------- X

Plaintiff Houston Casualty Company ("HCC"), by its attorneys, London Fischer LLP, alleges the following as its Complaint for Declaratory Judgment against defendant Rockhill Insurance Company ("Rockhill"):

## THE NATURE OF THE ACTION

1. This is an action for declaratory relief and contribution arising from defendant Rockhill's breach of its obligations, under an insurance policy issued by Rockhill to a subcontractor, to defend and indemnify the owner and contractor at a project as additional insureds in an underlying personal injury action involving a construction site accident in the Bronx, New York.

## THE PARTIES

2. HCC is an insurance company incorporated under the laws of Texas and has its principal place of business in Texas. HCC is authorized to sell or write insurance in New York.

3. Rockhill is an insurance company incorporated under the laws of Arizona and has its principal place of business in Ohio. Rockhill is authorized to sell or write insurance in New York and at all material times has conducted and continues to conduct substantial business in New York.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

5. Personal jurisdiction over the defendants is proper as they conduct business in the State of New York.

6. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE PROJECT

7. Evergreen Estates HDFC, Inc. c/o Urban Home Ownership Corp. ("the Owner") is the owner of the Bronx Urban Home Ownership project (the "Project").

8. The Project involved repairs and rehabilitation, including bathrooms, kitchens and general upgrades, of 45 apartments located at 1125, 1135, 1145, 1155, 1165 and 1175 Evergreen Avenue in the Bronx, New York.

9. The Owner retained Apex Building Company, Inc. ("ABC") as the contractor for the Project.

10. ABC's affiliate Apex Building Group, Inc. (referred to collectively with ABC as "Apex") retained 365 W Mechanical Corp. ("365 W Mechanical") as a subcontractor to do certain work at the Project, including plumbing work at 1125 Evergreen Avenue.

## THE UNDERLYING ACTION AND RELATED ACTION

11. This suit arises out of an underlying action captioned *Blake v. Apex Building Group, Inc., et al.,* pending in New York State Supreme Court, Bronx County, Index No. 28085/2019E

(the "Underlying Action"). (**A copy of the Verified Complaint in the Underlying Action is attached as Exhibit 1.**)

12. The plaintiff in the Underlying Action, Chanel Blake ("Blake"), alleges that she was injured on March 3, 2018 at 1135 Evergreen Avenue as a result of a dangerous condition in the apartment above Blake's apartment which caused Blake's bedroom ceiling to collapse.

13. In the Underlying Action, Blake makes claims for negligence against defendants Apex and the Owner.

14. In the Underlying Action, Apex has brought a third-party action against 365 W Mechanical asserting claims for contractual indemnification, common law indemnification, contribution, and breach of contract for failure to procure insurance for Apex. (**A copy of the Third-Party Complaint is attached as Exhibit 2.**)

15. Blake filed a separate action in New York Supreme Court, Bronx County, captioned *Blake v. 365 W Mechanical Corp. and Chanel Construction Corp.*, Index No. 800419/2021E, against 365 W Mechanical involving the same incident (the "Related Action"). (**A copy of the Verified Complaint in the Related Action is attached as Exhibit 3.**)

16. In the Related Action, Blake makes claims for negligence against 365 W Mechanical and alleges that 365 W Mechanical created a dangerous and defective condition "consisting of a broken radiator, missing radiator cap, broken plumbing, etc. that caused a leaky ceiling in apartment 2D above [Blake's] apartment causing the ceiling to collapse in the bedroom of apartment 1D."

17. By Order of Consolidation dated September 3, 2021 and entered October 8, 2021, the Underlying Action and Related Action were consolidated for all purposes. (**A copy of the Order of Consolidation is Exhibit 4.**)

18. As a result of the Order of Consolidation, 365 W Mechanical is defendant in the Underlying Action.

## THE CONTRACTS

**The Owner/Apex Prime Contract**

19. The Owner and Apex entered into a contract dated October 17, 2017 whereby Apex agreed to act as the contractor for work at the Project (the "Prime Contract"). (**A copy of the Prime Contract is annexed as Exhibit 5.**)

20. Under the Prime Contract, Apex agreed to provide general liability insurance of $5 million.

**The Apex/365 W Mechanical Subcontract**

21. Apex and 365 W Mechanical entered into a subcontract dated November 2, 2017 whereby 365 W Mechanical agreed to perform work at the Project including kitchen and bathroom work (the "Subcontract"). (**A copy of the Subcontract is attached as Exhibit 6.**)

22. The Subcontract defines "Subcontract Documents" as the Subcontract and the Prime Contract.

23. Under the Subcontract, 365 W Mechanical agreed to provide all insurance required to be provided by Apex under the Prime Contract and to name the Owner and Apex as additional insureds.

24. Further, the Subcontract required that 365 W Mechanical's insurance apply as primary and non-contributory coverage for the Owner and Apex.

25. 365 W Mechanical also agreed in the Subcontract, to the fullest extent permitted by law, to defend, indemnify and hold harmless the Owner and Apex from all claims related to and/or arising directly or indirectly from or out of 365 W Mechanical's work under the Subcontract and/or

any act or omission of 365 W Mechanical.

## THE INSURANCE POLICIES

### The Rockhill Policy Issued to 365 W Mechanical

26. Defendant Rockhill issued policy no. RCGLPG04117-00 to 365 W Mechanical for the policy period September 12, 2017 to September 12, 2018 (the "Rockhill Policy"). (**A copy of the Rockhill Policy is attached as Exhibit 7.**)

27. The Rockhill Policy has limits of $1 million each Occurrence and $2 million aggregate.

28. The Rockhill Policy names as additional insureds "Any person or organization to which [365 W Mechanical is] obligated by virtue of a written contract to provide insurance such as is afforded by this policy."

29. The Subcontract required that the Owner and Apex be named as additional insureds under 365 W Mechanical's policy, so the Owner and Apex qualify as additional insureds under the Rockhill Policy.

30. Additional insured coverage under the Rockhill Policy applies to bodily injury caused, in whole or in part, by 365 W Mechanical's work and included the "products-completed operations hazard."

31. As alleged in the Underlying Action and Related Action, Blake's injuries were caused, in whole or in part, by 365 W Mechanical's work and are included in the "products-completed operations hazard."

32. The Rockhill Policy applies as primary and non-contributory coverage for the Owner and Apex.

33. The Rockhill Policy also provides contractual liability coverage for 365 W Mechanical's contractual obligation under the Subcontract to indemnify the Owner and Apex in

connection with the Underlying Action.

**The HCC Policy Issued to Apex**

34.     HCC issued policy no. H17PC30790-00 to Apex for the policy period April 8, 2017 to April 8, 2018 (the "HCC Policy"). (**A copy of the HCC Policy is annexed hereto as Exhibit 8.**)

35.     By its terms, the HCC Policy applies in excess of other primary insurance available to the Owner and Apex.

## TENDERS

36.     By letter dated July 14, 2020, counsel for Apex tendered the defense and indemnification of the Owner and Apex in the Underlying Action to 365 W Mechanical and Rockhill. (**A copy of the letter is attached as Exhibit 9.**)

37.     By letter dated November 8, 2022, counsel for HCC re-tendered the defense and indemnification of the Owner and Apex in the Underlying Action to Rockhill. (**A copy of the letter, without exhibits, is attached as Exhibit 10.**)

38.     Rockhill has not agreed to defend and indemnify the Owner and Apex in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment – Additional Insured Status)

39.     HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 38 as through fully set forth herein.

40.     As required by the Subcontract and pursuant to the terms of the Rockhill Policy, the Owner and Apex are additional insureds under the Rockhill Policy with respect to the Underlying Action.

41.     Rockhill has failed to acknowledge that the Owner and Apex are additional insureds

under the Rockhill Policy with respect to the Underlying Action.

42.     HCC is entitled to a declaration that the Owner and Apex are additional insureds under the Rockhill Policy in connection with the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment – Duty to Defend)

43.     HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 42 as through fully set forth herein.

44.     Pursuant to the terms of the Rockhill Policy, Rockhill has an obligation to defend the Owner and Apex as additional insureds in the Underlying Action on a primary and non-contributory basis.

45.     Rockhill has failed to defend the Owner and Apex as additional insureds in the Underlying Action.

46.     HCC is entitled to a declaration that Rockhill is obligated to defend the Owner and Apex in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of Apex.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment – Duty to Indemnify)

47.     HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as through fully set forth herein.

48.     Pursuant to the terms of the Rockhill Policy, Rockhill has an obligation to indemnify the Owner and Apex as additional insureds in the Underlying Action on a primary and non-contributory basis.

49.     Rockhill has not agreed to indemnify the Owner and Apex as additional insureds in the Underlying Action.

50. HCC is entitled to a declaration that Rockhill is obligated to indemnify the Owner and Apex in the Underlying Action on a primary and non-contributory basis.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Contribution)

51. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 50 as through fully set forth herein.

52. As a result of Rockhill's failure to defend the Owner and Apex as additional insureds in the Underlying Action on a primary and non-contributory basis, HCC is currently defending Apex in the Underlying Action.

53. HCC has incurred, and continues to incur expenses, including attorneys' fees and other costs in connection with the defense of Apex in the Underlying Action.

54. The expenses, including attorneys' fees and other costs, incurred by HCC in connection with the defense of Apex in the Underlying Action should have been paid exclusively by Rockhill.

55. HCC is entitled to damages and an Order from this Court directing Rockhill to reimburse HCC for all amounts paid by HCC in connection with the defense of Apex in the Underlying Action, together with interest at the statutory rate of nine percent per year.

**WHEREFORE,** Plaintiff HCC demands judgment against defendant Rockhill as follows:

a. On the first cause of action, declaring that the Owner and Apex are additional insureds under the Rockhill Policy with respect to the Underlying Action;

b. On the second cause of action, declaring that Rockhill is obligated to defend the Owner and Apex in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of Apex;

c. On the third cause of action, declaring that Rockhill is obligated to indemnify the

      Owner and Apex in the Underlying Action on a primary and non-contributory basis;

d.     On the fourth cause of action, awarding damages against Rockhill for costs incurred by HCC in the defense of the Apex in the Underlying Action, together with interest;

e.     Awarding HCC the costs and disbursements of this action; and

f.     Awarding HCC such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY AND TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, HCC demands a trial by jury in this action of all issues triable by jury.

Dated:   New York, New York
         July 17, 2023

                              LONDON FISCHER LLP

By:    /s/ Jan H. Duffalo
       Jan H. Duffalo
       59 Maiden Lane, 39th Floor
       New York, New York 10038
       (212) 972-1000
       LF File No.: 127.0567157

       *Attorneys for Plaintiff*
       *Houston Casualty Company*

9

4863-5130-5321, v. 1